UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. GEOFFREY W. FREEMAN, <br><br> Petitioner, <br><br> v. <br><br> RICK HARRINGTON, Warden, <br><br> Respondent. | No. 00 C 0831 <br><br> Chief Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

Illinois prisoner Geoffrey W. Freeman ("Petitioner") is serving a natural life sentence for first degree murder and armed robbery. On January 29, 2013, he filed an amended *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Presently before the Court is Respondent's motion to dismiss the Petition for lack of subject-matter jurisdiction because it is an unauthorized second or successive petition pursuant to 28 U.S.C. § 2244(b). For the reasons set forth below, the Court grants Respondent's motion to dismiss and declines to issue a certificate of appealability.

## BACKGROUND

Following a jury trial in the Circuit Court of Cook County, Illinois, on February 6, 1984, Petitioner was found guilty of three counts of first degree murder and one count of armed robbery. (R. 26-1, Ex. A, Pet'r's Docket Sheet at 5.) On March 9, 1984, the trial court sentenced Petitioner to natural life imprisonment for the murder charge. (*Id.* at 6.) Petitioner is

currently in the custody of Rick Harrington, the warden of Menard Correctional Center in Menard, Illinois.[1]

## I. Direct appeal

Following his conviction, Petitioner appealed to the Illinois Appellate Court for the First District, asserting 15 different grounds for relief. *People v. Freeman*, 516 N.E.2d 440, 442 (Ill. App. Ct. 1st Dist. 1987). On October 21, 1987, the appellate court rejected all of Petitioner's arguments except one—the court held that because Petitioner had demonstrated that the prosecution used 13 of its 18 peremptory challenges to exclude prospective African American jurors, he had established a *prima facie* case of purposeful discrimination under *Batson v. Kentucky*, 476 U.S. 79 (1986). *Id.* at 447-49. The appellate court thus remanded the case to the Circuit Court of Cook County for a *Batson* hearing to determine whether the prosecution could present "a neutral explanation for the exercise of its peremptory challenges excluding the black prospective jurors." *Id.* at 449. On August 25, 1989, the trial court found that the prosecution provided racially neutral explanations for the exclusions of the prospective African American jurors, and it denied Petitioner's motion for a new trial. *See People v. Freeman*, 581 N.E.2d 293, 294 (Ill. App. Ct. 1st Dist. 1991) (explaining the decision below). Petitioner once again appealed, and on October 9, 1991, the Illinois Appellate Court for the First District, unable to determine whether the hearing judge appropriately weighed the evidence in determining whether there was a *Batson* violation, remanded the case for a new *Batson* hearing and for entry of a sentence on Petitioner's armed robbery conviction. *Id.* at 296-98. On May 24, 1993, the trial

---

[1] When Petitioner first filed his federal habeas petition, Roger Cowan was named as the respondent because he was the warden of Menard Correctional Center at that time. Rick Harrington is the current warden of Menard Correctional Center and so pursuant to Federal Rule of Civil Procedure 25(d), Harrington is automatically substituted as the named respondent in this case.

2

court again determined that no *Batson* violation had occurred, and it denied Petitioner's motion for a new trial and entered a 25-year sentence for his armed robbery charge. (R. 26-1, Ex. A, Pet'r's Docket Sheet at 10.) Petitioner filed a third appeal, and on December 13, 1995, the Illinois Appellate Court for the First District affirmed the trial court's holding. (R. 26-1, Ex. F, Order on Direct Appeal (Third) at 2.) Petitioner filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on June 5, 1996. (R. 26-1, Ex. G, Order Denying PLA.)

On December 27, 1996, Petitioner moved the Illinois Appellate Court for the First District for leave to file a late notice of appeal, arguing that he had been improperly sentenced on the armed robbery charge. *See United States ex rel. Freeman v. Page*, No. 97 C 4705, 1998 WL 171822, at *1 (N.D. Ill. Apr. 10, 1998) (describing the procedural history of the case). On January 23, 1997, the appellate court denied Petitioner's request for leave to file the late appeal. (R. 26-1, Ex. H, Order Denying Leave to File at 1.) Petitioner filed a second petition for leave to appeal to the Illinois Supreme Court, which was denied on June 4, 1997. (R. 26-1, Ex. I, Order Denying Second PLA.)

## II. Post-conviction relief in state court

On July 17, 1984, Petitioner filed a *pro se* petition for post-conviction relief in the Circuit Court of Cook County. *See People v. Freeman*, No. 1-10-0460, 2011 WL 10069097, at *1 (Ill. App. Ct. 1st Dist. Dec. 16, 2011) (describing the procedural history of the case). On Petitioner's motion, the court placed his petition in abeyance pending the resolution of his contemporaneously filed direct appeal. *Id.*

On July 22, 1998, Petitioner received a letter from a paralegal in the Cook County Public Defender's Office notifying him that the office had "motioned up" his post-conviction petition. *Id.* Petitioner was not assigned an attorney from that office, however, until October 6, 1999. (R.

16, Ex. A, Letter From Assistant Public Defender at 10.) Acting *pro se* because he had no confidence in the Public Defender's Office, Petitioner filed an amended post-conviction petition on November 6, 1998; two supplemental petitions in December 1998 and April 1999; an addendum to his petition in August 2000; and a second supplement to his petition on October 26, 2007. (R. 16, Am. Pet. Writ Habeas at 22-23.)

Petitioner became unhappy with the manner in which his public defender was handling his case, and he filed a motion to dismiss his public defender and proceed *pro se*. (*Id.* at 23.) The court granted his motion on December 12, 2008, and ordered Petitioner to file an amended post-conviction petition incorporating all relevant prior pleadings by February 27, 2009. *Freeman*, 2011 WL 10069097, at *1-2. Petitioner appeared in court on February 27, 2009, and attempted to file a motion for discovery instead of the amended post-conviction petition he was instructed to file. *Id.* at *2. Petitioner argued that he could not file an amended petition without first obtaining records that were in the possession of the Public Defender's Office, specifically reports relating to the alleged torture that took place at the hands of Jon Burge and others at Area Two Police Headquarters in Chicago. *Id.* The court denied Petitioner's motion for discovery and ordered the matter "off call for want of prosecution" due to Petitioner's failure to file an amended post-conviction petition as ordered. *Id.*

On June 15, 2009, Petitioner filed a motion for substitution of judge, a motion to reinstate his post-conviction petition, and a motion for leave to file an amended post-conviction petition. *Id.* All these motions were denied by the trial judge on July 24, 2009. *Id.* On August 10, 2009, Petitioner re-filed his *pro se* post-conviction petition, despite having been denied leave to do so. *Id.* On November 6, 2009, the trial court dismissed his petition as frivolous and patently without merit. *Id.* On December 3, 2009, Petitioner filed a motion to reconsider or vacate that denial,

which the trial court denied on January 15, 2010. *Id.* On January 28, 2010, Petitioner appealed to the Illinois Appellate Court for the First District, raising 11 separate issues. *Id.* at *3. The appellate court affirmed the dismissal of the petition on December 16, 2011. *Id.* at *13. On September 26, 2012, the Illinois Supreme Court denied Petitioner's ensuing petition for leave to appeal. (R. 26-1, Ex. K, Order Denying Post-Conviction PLA.)

Additionally, on May 15, 2001, Petitioner filed a *pro se* petition seeking a state writ of habeas corpus pursuant to the Illinois Habeas Corpus Act, 735 Ill. Comp. Stat. 5/10-101 *et seq.*, which the trial court dismissed for failure to state a cause of action. *See Freeman v. Cowan*, 771 N.E.2d 515, 516 (Ill. App. Ct. 5th Dist. 2002) (describing the decision below). On May 29, 2002, the Illinois Appellate Court for the Fifth District affirmed the dismissal. *Id.* at 517.

### III. Petitioner's first federal habeas petition

On June 30, 1997, Petitioner filed in the Northern District of Illinois a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C § 2254. (R. 26-1, Ex. N, First Pet. Writ Habeas.) Petitioner argued that: (1) the trial court erred in denying his motion for a new trial due to a *Batson* violation; (2) the trial court erred in failing to specify the factors which led to its sentencing determination and to consider his rehabilitative potential, and thus his natural life sentence is excessive; (3) the appellate court should have vacated his conviction of armed robbery; and (4) the trial court violated his Sixth Amendment right to a speedy trial because nine years had passed before he was sentenced on the armed robbery charge. (*Id.* at 6.)

On October 24, 1997, the respondents moved to dismiss the petition as untimely pursuant to 28 U.S.C § 2244(d)(1). (R. 26-1, Ex. Q, Mot. Dismiss.) On April 10, 1998, the court dismissed the petition with prejudice as untimely. *United States ex rel. Freeman*, 1998 WL 171822, at *6. On June 10, 1998, the court denied Petitioner's request for a certificate of

appealability. (R. 26-1, Ex. M, Pet'r's Docket Sheet at 4-5.) The Seventh Circuit denied Petitioner's request for a certificate of appealability on December 11, 1998. (R. 26-1, Ex. T, 7th Cir. Case Summary at 1.) The Supreme Court denied Petitioner's petition for a writ of certiorari on October 4, 1999. (R. 26-1, Ex. U, Sup. Ct. Order Denying Pet. Writ Cert.)

IV.     **Petitioner's instant federal habeas petition**

Petitioner filed the present *pro se* petition for a writ of habeas corpus with this Court on February 8, 2000. (R. 1, Pet. Writ Habeas.) On February 15, 2000, the Court dismissed the habeas petition without prejudice due to the pendency of Petitioner's post-conviction petition in state court. (R. 5, Min. Order.) On November 23, 2009, Petitioner filed a motion to remove his state case to federal court. (R. 8, Mot. Remove.) On December 1, 2009, the Court denied Petitioner's motion and instructed Petitioner that he could instead file a motion to reinstate his habeas petition and that he would be granted leave to file an amended habeas petition to include updated information. (R. 9, Min. Entry.) On October 19, 2012, Petitioner filed a motion to reinstate his habeas petition, (R. 10, Mot. Reinstate), which this Court granted on November 5, 2012, (R. 12, Min. Entry).

Petitioner filed an amended habeas petition on January 29, 2013. (R. 16, Am. Pet. Writ Habeas.) Petitioner argues that: (1) the trial court incorrectly determined that the prosecution provided racially neutral explanations for the exclusions of the prospective African American jurors; (2) the trial court violated his due process rights during post-conviction proceedings by denying his motion for substitution of judge for cause; (3) his charge by information instead of a grand jury violates the Fourteenth Amendment; (4) his due process rights were violated by racially motivated mistreatment and torture by Chicago Police Lieutenant Jon Burge and his associates at Area Two Police Headquarters in Chicago; (5) his statement should have been

inadmissible at trial because it was the direct product of threats, physical abuse, racial intimidation, coercion, and the denial of his right to counsel by Burge and his associates; (6) Burge's associates provided perjured testimony at trial; (7) his appellate counsel was ineffective because she failed to raise any claims relating to Burge on direct appeal; (8) the trial court violated his constitutional right to a fair and impartial trial by failing to ask the potential jurors whether they would hold his failure to testify against him; (9) his trial counsel was ineffective because he failed to raise this *voir dire* issue; (10) his appellate counsel was ineffective because she failed to raise this *voir dire* issue or a claim about trial counsel's general ineffectiveness and intentional "tanking" of his case; (11) the trial judge violated his right to a fair and impartial trial by engaging in *ex parte* communication with the potential jurors; (12) the trial court denied him an opportunity to be heard through his post-conviction petition; and (13) the state post-conviction process had an insufficient corrective process and inordinate delay. (*Id.* at 6-73.)

On April, 17, 2013, Respondent moved to dismiss the Petition for lack of subject-matter jurisdiction, arguing that the Petition is a second or successive petition and that Petitioner has not sought prior authorization from the Seventh Circuit to file it as required by 28 U.S.C. § 2244(b)(3). (R. 25, Resp't's Mot. Dismiss.) Petitioner responded to Respondent's motion to dismiss on August 1, 2013, arguing that the Petition is not a second or successive petition. (R. 34, Pet'r's Resp.) Respondent replied to Petitioner's response on September 17, 2013. (R. 38, Resp't's Reply.) Respondent's motion to dismiss the Petition is currently before the Court.

## ANALYSIS

Section 2244(b) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides, in pertinent part, that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall

7

be dismissed unless" various enumerated conditions are met. 28 U.S.C. § 2244(b)(2). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, "[s]ection 2244(b)(3)(A) 'is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition . . . unless the court of appeals has given approval for the filing.'" *Lambert v. Davis*, 449 F.3d 774, 777 (7th Cir. 2006) (quoting *Nuñez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)).

The parties do not dispute that Petitioner filed a petition for a writ of habeas corpus in the Northern District of Illinois on June 30, 1997, attacking his 1984 Cook County judgment of convictions of first degree murder and armed robbery. (R. 25, Resp't's Mot. Dismiss at 4; R. 34, Pet'r's Resp. at 2.) The parties disagree, however, over whether the Petition, which concerns the same 1984 Cook County convictions, qualifies as a second or successive petition under 28 U.S.C. § 2244(b).

Under 28 U.S.C. § 2244(b)(3), this Court has no jurisdiction to hear a second or successive habeas petition without authorization from the Seventh Circuit. Not all subsequent petitions, however, are considered to be "second or successive." *See Panetti v. Quarterman*, 551 U.S. 930, 944 (2007) ("The Court has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged in a prior § 2254 application."). Rather, "in order for a habeas petition to be considered successive, the previous motion must have been denied on the merits." *Garrett v. United States*, 178 F.3d 940, 942 (7th Cir. 1999). Previous petitions that were dismissed for technical or procedural deficiencies, such as filing in the wrong district,

8

failing to pay a filing fee, or failing to exhaust state-court remedies, do not trigger AEDPA's successive-petition bar. *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). A previous petition dismissed as untimely, however, does count as a prior petition for the purposes of section 2244(b) "because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims." *Id.*; *see also Pavlovsky v. VanNatta*, 431 F.3d 1063 (7th Cir. 2005) ("[t]he dismissal of a suit as untimely is a dismissal on the merits").

Petitioner argues that because his first habeas petition was erroneously dismissed as untimely, it should not count as a previous petition for the purposes of section 2244(b). (R. 34, Pet'r's Resp. at 4.) Petitioner's direct appeal in state court concluded on June 5, 1996, when the Illinois Supreme Court denied his petition for leave to appeal. (R. 26-1, Ex. G, Order Denying PLA.) Under section 2244(d)(1)(A), the one year statute of limitations period for filing a habeas petition begins to run the date judgment becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner argues that when calculating his limitations period, the district court did not include the 90 days he had to file a petition for a writ of certiorari with the Supreme Court as it should have. (R. 34, Pet'r's Resp. at 4-5) (citing *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002) (holding that the limitations period under section 2244(d)(1)(A) does not begin to run until the 90-day period for seeking a writ of certiorari expires)). Had the district court counted the 90 days, Petitioner argues that his limitations period would have expired on September 5, 1997,[2] not June 5, 1997, as the district court calculated. (R. 34, Pet'r's Resp. at 4); *see United States ex rel. Freeman*,

---

[2] Petitioner miscalculated the limitations period. Taking the 90-day period into account, his judgment would have become final on September 3, 1996, and his limitations period would have expired one year later on September 3, 1997.

9

1998 WL 171822, at *3. Thus, Petitioner argues that his habeas petition was timely filed on June 30, 1997. (R. 34, Pet'r's Resp. at 4.) Additionally, Petitioner notes that the district court did not consider his pending post-conviction petition, which he filed on July 17, 1984, and which was still in abeyance at the time. (*Id.* at 8.) In further support of his petition's timeliness, Petitioner argues that his post-conviction petition tolled the one-year statute of limitations period under section 2244(d)(2). (*Id.*)

Respondent does not refute that Petitioner's first habeas petition would have been timely had the district court included the 90-day period in which Petitioner could have sought certiorari in the Supreme Court when calculating his limitations period. (R. 38, Resp't's Reply at 2-3.) Respondent argues that even though the district court's basis for dismissing Petitioner's first habeas petition would not withstand scrutiny under current law, his first habeas petition nevertheless counts for the purposes of section 2244(b)(3)(A). (*Id.* at 3.) This Court agrees with Respondent. Petitioner's first habeas petition was dismissed with prejudice as untimely and therefore counts as a previous petition for the purposes of section 2244(b)(3)(A). *See Altman*, 337 F.3d at 766. No matter how compelling Petitioner's argument that his first petition was erroneously dismissed, he must obtain permission from the Seventh Circuit to file his second petition. *See Nuñez*, 96 F.3d at 991 ("No matter how powerful a petitioner's showing, only [the court of appeals] may authorize the commencement of a second or successive petition."). In *Guyton v. United States*, 23 F. App'x 539, 540 (7th Cir. 2001), the petitioner properly argued that the district court erroneously dismissed his habeas petition as untimely. The Seventh Circuit nevertheless affirmed the district court's dismissal of the petitioner's second petition because the petitioner failed to obtain the Seventh Circuit's permission to file it. *Id.*

Here, Petitioner appealed the district court's dismissal of his first habeas petition, and the Seventh Circuit denied Petitioner's request for a certificate of appealability. (R. 26-1, Ex. T, 7th Cir. Case Summary at 1.) It is not this Court's place to determine whether the district court's decision and the Seventh Circuit's denial were erroneous; those determinations are to be made by the Seventh Circuit when Petitioner seeks authorization to file the instant Petition. *See Guyton*, 23 F. App'x 539 at 540 (The Seventh Circuit noted that had Guyton "appealed the district court's dismissal [for untimeliness] and this court initially affirmed, but later rejected that decision, we probably still could have corrected both errors (in the district court and on appeal) when he sought to file a second or successive section 2255 petition."); *see also United States ex rel. Spaulding v. Ramos*, No. 09 C 1951, 2009 WL 3066587, at *3 (N.D. Ill. Sept. 23, 2009) (finding that the petitioner's present petition was a successive petition and stating that though the petitioner spent "much of his reply brief challenging the court's dismissal of his first petition as untimely, preclusion rules prohibit [the court] from reconsidering that issue"). The Court therefore finds that Petitioner's first habeas petition counts as a previous petition for the purposes of section 2244(b)(3)(A).

In an effort to avoid this result, Petitioner asks the Court to follow the Second Circuit's holding in *Muniz v. United States*, 236 F.3d 122 (2d Cir. 2001). (R. 34, Pet'r's Resp. at 7-9.) There, Muniz moved pursuant to section 2244(b)(3)(A) for an order authorizing the district court to consider a "second or successive" section 2255 petition. *Muniz*, 236 F.3d at 123. The Second Circuit held that the present petition was a "first" petition, not a "second or successive" petition, because the district court erroneously dismissed the previous petition as untimely. *Id.* at 128. The Second Circuit therefore denied Muniz's motion for leave to file as unnecessary and transferred her petition to the district court. *Id.* at 128-29. In asking the Court to follow the

Second Circuit's holding in *Muniz* and find that his Petition is not second or successive, Petitioner overlooks an important procedural distinction between *Muniz* and the present case. Muniz moved the Second Circuit for permission to file a second or successive petition, and the Second Circuit concluded that her petition was in fact not second or successive. The Second Circuit did not discuss whether a district court has jurisdiction to determine that a petition is not second or successive if the previous petition was erroneously dismissed as untimely. The Seventh Circuit addressed this issue in *Guyton*, however, and citing *Muniz*, clearly held that the Seventh Circuit and not the district court can properly determine whether a previous petition was erroneously dismissed as untimely. *Guyton*, 23 F. App'x 539 at 540. Petitioner must therefore direct his argument that his first habeas petition was erroneously dismissed as untimely to the Seventh Circuit in a motion for leave to file a second or successive petition.

Finally, Petitioner draws the Court's attention to the exceedingly long period of time in which he has attempted to receive post-conviction relief, and pleads with the Court to give him his first opportunity in 32 years to have a federal court review his petition on the merits. (R. 34, Pet'r's Resp. at 12.) While the Court is sympathetic to Petitioner's plight and acknowledges the unacceptably lengthy period Petitioner waited to receive federal review, this Court has no jurisdiction to review his Petition.

Accordingly, the Court finds that the Petition is a second or successive petition for the purposes of section 2244(b). Because Petitioner has not sought prior authorization from the Seventh Circuit to file his Petition, as required by section 2244(b)(3)(A), the Court must dismiss the Petition for lack of subject-matter jurisdiction.

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the

applicant." To obtain a certificate of appealability, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). Where a district court dismisses a habeas petition on procedural grounds without reaching the merits of the underlying constitutional claims, a certificate of appealability should issue only if the petitioner shows that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, no reasonable jurist could find that the Petition is not a second or successive petition and does not require authorization from the Seventh Circuit. *See id.* ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted."). Accordingly, the Court will not issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss the Petition (R. 25) is GRANTED. The Court dismisses the Petition without prejudice for lack of subject-matter jurisdiction because it is an unauthorized second or successive petition. Petitioner may refile his Petition after he obtains an order from the Seventh Circuit Court of Appeals authorizing this Court to consider his Petition. The Court declines to issue a certificate of appealability.

ENTERED: _____
**Chief Judge Ruben Castillo**
**United States District Court**

**Dated: March 12, 2014**